**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 97-7368**

───────────────

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

DARRYL FRAZIER, a/k/a Kenneth Edmonds,

                                   Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Solomon Blatt, Jr., Senior District
Judge.  (CR-94-681, CA-96-2164-2)

───────────────

Submitted:  July 2, 1998            Decided:  July 17, 1998

───────────────

Before NIEMEYER and HAMILTON, Circuit Judges, and HALL, Senior
Circuit Judge.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Darryl Frazier, Appellant Pro Se.  Bruce Howe Hendricks, OFFICE OF
THE UNITED STATES ATTORNEY, Charleston, South Carolina, for
Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant appeals from the district court's orders dismissing his action filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) and denying his motion to reconsider. Regarding the dismissal of his § 2255 motion, Appellant has filed an untimely notice of appeal. We dismiss the appeal for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have sixty days, if the United States is a party, within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on April 1, 1997; Appellant's notice of appeal was filed on September 19, 1997. Appellant's failure to file a timely notice of appeal[*] or to obtain either an extension or a reopening of the appeal period leaves this

---

[*] For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988).

2

court without jurisdiction to consider the merits of Appellant's appeal.

Regarding the district court's order denying Appellant's motion to reconsider, we find that Appellant failed to establish grounds meriting such relief. See Fed. R. Civ. P. 60(b). We therefore deny a certificate of appealability and dismiss the appeal of both orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3